UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC D. HILL,

                Petitioner,
vs.                                          Case No. 3:08-cv-215-J-33MCR

UNITED STATES OF AMERICA,

                Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant 28 U.S.C. § 2255 (Doc. # 1) and supporting memorandum entitled "Motion Pursuant to the Rules which Govern § 2255 28 U.S.C." (Doc. # 2), both filed on February 29, 2008. Petitioner's Motion under Section 2255 (Doc. # 1) was signed by Petitioner and presumably presented for mailing on February 16, 2008. This Court denies the motion as untimely.

**I.    Background**

This case was initiated on March 2, 2006, via a one-count indictment charging that Petitioner and two co-defendants conspired to distribute cocaine and cocaine base as well as marijuana. (Criminal Doc. # 1).[1]

On May 24, 2006, Petitioner entered a plea of guilty to the single charge of the indictment pursuant to a written plea

---

[1] All references to the Criminal Docket are to Case number 3:06-cr-79-J-33MCR.

agreement before the Honorable Marcia Morales Howard. (Criminal Doc. ## 59, 61). The undersigned accepted Petitioner's plea of guilty on June 19, 2006. (Criminal Doc. # 68). On November 28, 2006, Petitioner was sentenced to 138 months imprisonment, 48 months of supervised release, and a special assessment of $100. (Criminal Doc. # 91). Judgment reflecting the sentence was entered on November 30, 2006. (Criminal Doc. # 95). Petitioner did not file a direct appeal.

## II. **Petitioner's Section 2255 Motion**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

For final judgments entered after the April 24, 1996, effective date of the AEDPA, the statute of limitations begins to

run on the date the district court's judgment of conviction becomes final.

The government argues that Petitioner's conviction became final on December 8, 2006, when the time for filing a direct appeal passed; therefore, the government argues, Petitioner had until December 8, 2007 to file his section 2255 motion. (Doc. # 8 at 2). By this Court's calculation, Petitioner's conviction became final on December 13, 2006, and Petitioner had until December 13, 2007 to file his section 2255 motion.  Under either interpretation, Petitioner's section 2255 motion, which was signed on February 16, 2008, and filed on February 29, 2008, is untimely.  See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999)(when a defendant does not pursue direct appeal, a conviction becomes final when the time for filing a direct appeal expires).  After the judgment became final, Petitioner had one year to file his § 2255 motion.  Id. at 1340.

The present motion was not filed within this limited time frame for filing section 2255 motions, Petitioner offers no excuse for his failure to meet the deadline, and, accordingly, the motion is denied as time-barred.

Accordingly, it is

**ORDERED ADJUDGED and DECREED**:

1. Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. ## 1, 2) is **DENIED**.

2. The Clerk is directed to terminate any pending motions or deadlines, to close the case, and to enter judgment accordingly in case 3:08-cv-215-J-33MCR.

3. The Clerk is directed to file this Order in the corresponding criminal case of 3:06-cr-79-J-33MCR.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>23rd</u> day of June, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner
AUSA